UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

REGATTA BAY LIMITED,

    Plaintiff,

v().                                             2:07-CV-01619-PMP-PAL

UNITED STATES OF AMERICA,          O R D E R

    Defendant.

       Before the Court for consideration is Federal Defendant's Motion to Dismiss Plaintiff's Second and Third Causes of Action Pursuant to Rule 12(b)(1) or Alternatively for Summary Judgment Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure (Doc. #79).  Defendant's Motion is fully briefed, and following a hearing conducted December 20, 2010, the Parties filed Supplemental Briefs on the issues presented (Doc. ## 94 & 95).

       The Court previously set out the facts of the case in it's December 5, 2008 Order (Doc. #27), and will discuss them here only as necessary to dispose of Defendant's current motion.

       By the instant motion, Defendant seek dismissal, or summary judgment, on Plaintiff's remaining claims for tortious breach of the covenant of good faith and fair dealing (Count 2), and tortious breach of fiduciary duty (Count 3).  Defendant contends it took no action against Plaintiff for any real or imagined breach of the Regulatory Agreement for Insured Multi-Family Housing Projects between Plaintiff and HUD, but

1  rather foreclosed and sold the Regatta Bay apartment complex pursuant to the terms of the
2  Note on the property.  As such, Defendant submits it owed no duty to Plaintiff encompassed
3  by the covenant of good faith and fair dealing, and owed Plaintiff no fiduciary duty as an
4  insurer or otherwise.  As a result, Defendant maintains this Court lacks subject matter
5  jurisdiction and dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure
6  is required.  Additionally, Defendant argues that having completed discovery, there remains
7  no genuine issue of material fact to support Plaintiff's claim that a cognizable fiduciary duty
8  existed or that Defendant breached any fiduciary duty owed to Plaintiff.  Having reviewed
9  the extensive record of these proceedings, including the most recent supplemental briefs,
10 the Court agrees.

11         The record before the Court establishes that HUD's foreclosure on the Mortgage
12 Note is the proximate cause of Plaintiff's "loss of property"  Moreover, the record adduced
13 fails to demonstrate that HUD acted in bad faith in a manner resulting in loss to Plaintiff, or
14 that HUD acted in bad faith in its dealings with Plaintiff.  Additionally, the record is devoid
15 of evidence that a "special relationship" existed between HUD and Plaintiff as required by
16 Nevada law to support Plaintiff's claim for breach of the covenant of good faith and fair
17 dealing, or that Defendant breached any other form of fiduciary duty owed to Plaintiff.
18 Therefore, Defendant is entitled to the relief requested pursuant to Rule 12(b)(1) and Rule
19 56(b) of the Federal Rules of Civil Procedure.

20         **IT IS THEREFORE ORDERED that** Defendant's Motion to Dismiss
21 Plaintiff's Second and Third Causes of Action Pursuant to Rule 12(b)(1) or Alternatively
22 for Summary Judgment Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure
23 (Doc. #79) is hereby **GRANTED** and that judgment is hereby entered in favor of Defendant
24 and against Plaintiff.

25 DATED:   March 14, 2011.

_____
PHILIP M. PRO
United States District Judge